## W. F. WHITE v. SARAH W. BOLTON, ET AL.

**Attachment—Lien on Real Estate.**

> One must establish his claim and that his adversary is indebted to him before he can successfully fasten an attachment lien on real estate.

**Evidence.**

> When no demand is made on a claim for fifteen years, during all of which time the alleged debtor was solvent, and no explanation is given for such delay, it affords strong evidence of the non-existence of such claim.

### APPEAL FROM FAYETTE CIRCUIT COURT.

June 2, 1877.

OPINION BY JUDGE LINDSAY:

Gibson is in possession of the property sought to be subjected to the payment of White's claim, and he certainly holds under a color-

able title. In order to have his claim subordinated to the attachment lien of the appellant, the latter must establish his alleged debt against the personal representatives and heirs-at-law of the deceased members of the firm of Bolton & Dickens. If their firm owed him nothing then he cannot disturb Gibson. The representatives and heirs of said firm are all non-residents, and none of them are before the court except by constructive service. The appellant was therefore an incompetent witness, and his deposition should have been suppressed. This being done the proof of his claim rests alone on the testimony of James M. White. He proves the rendering of the services upon which appellant bases his claim, and then, without giving any clue to the source of his information, states positively that appellant was to receive $100.00 per month, and that he has never been paid.

If the witness does know these things he must have acquired his information from some one, and it may have been from the appellant. There is nothing in his deposition tending to show that he acquired it from the employes of the appellant, or that he had any means of informing himself as to their business, and it is unreasonable to suppose he can know that the claim has not been paid.

Opposed to the statements of this witness we have these circumstances: The alleged employment terminated in July, 1857, and this action was not instituted until July 29, 1872. One of the members of the firm of Bolton & Dickens was in Kentucky and in partnership with appellant after the termination of said employment. He seems to have been solvent, and yet no reason whatever is given why the claim was not collected from him.

The demand is palpably a stale one, and even if the evidence of the appellant be considered, it ought to be rejected.

Judgment *affirmed*.

*W. B. and G. B. Kinkead, for appellant.*

*Huston & Mulligan, for appellees.*